# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. HUGGINS, | 1:12-cv-00929 GSA HC |
| Petitioner, | |
| v. | ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| H. A. RIOS, Warden, | |
| Respondent. | |

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

     On June 8, 2012, Petitioner filed the instant petition in this Court. He is currently in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, serving a sentence of 180 months as a result of a conviction sustained in the United States District Court for the District of Kansas. He claims the Bureau of Prisons has failed to calculate his sentence correctly. He states he spent four years in state custody prior to his federal sentencing. He states the Bureau of Prisons has credited him with seven (7) months of that time spent in state custody. He claims he is entitled to a credit against his federal sentence with the balance of the four years spent in state custody since the state sentencing judge ordered the state sentence to run concurrent to his

federal sentence.

## FACTUAL BACKGROUND[1]

Petitioner was sentenced in the U.S. District Court for the District of Kansas on the morning of December 19, 2003, to a federal prison term of 180 months. On that same date, he was returned to state custody where he was sentenced on a separate state conviction by the Kansas state court to a term of 49 months in state prison. According to Petitioner, the state judge ordered the state sentence to be run concurrent to the federal sentence. Petitioner was then remanded into the custody of the Kansas state prison authority and he commenced his state sentence. After completing his state sentence, on April 13, 2007, Petitioner was turned over to the Bureau of Prisons pursuant to a federal detainer. He then commenced his federal sentence.

## DISCUSSION

I.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II. Subject Matter Jurisdiction and Venue

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this case, Petitioner challenges the execution of his

---

[1] This information is derived from the Petition and accompanying documents.

1  sentence. Therefore, the Court has subject matter to hear Petitioner's claims pursuant to 28
2  U.S.C. § 2241.
3        Pursuant to § 2241, venue is proper in the district court where a petitioner is confined.  In
4  this case, Petitioner is confined in the United States Penitentiary in Atwater, California, which is
5  located in this district.  Accordingly, venue is proper in this Court.
6  III.     Review of Petition
7        Petitioner argues his federal sentence has not been properly credited with time served
8  while in state custody.  Petitioner's arguments do not appear to be well-taken.
9        According to the documents attached to the petition, Petitioner appeared for sentencing in
10  federal court pursuant to a Writ of Habeas Corpus ad Prosequendum.  Petitioner was essentially
11  borrowed from the primary custodian, in this case Kansas, and then returned to state custody
12  following federal sentencing.  See Carbo v. United States, 364 U.S. 611 (1961).  He continued to
13  be in the primary custody of the State of Kansas.  Petitioner's federal sentence did not commence
14  until the state relinquished custody when he was turned over to federal authorities via the federal
15  detainer on April 13, 2007.
16        Petitioner claims he should be given credit for the four years he spent in state custody
17  prior to commencement of his federal sentence.  However, 18 U.S.C. § 3585(b) permits prior
18  custody credit for official detention 1) as a result of the offense for which sentence was imposed,
19  or 2) as a result of any other charge for which Petitioner was arrested after commission of the
20  offense for which sentence was imposed, *that has not been credited against another sentence*.
21  Neither of these provisions apply in this case, since the four years spent in state custody prior to
22  the federal sentence was in satisfaction of the state sentence imposed by the state court on a
23  separate state conviction.  Petitioner claims the state sentencing judge ordered the state sentence
24  to run concurrent to the federal sentence; however, the state judge has no authority to alter the
25  federal sentence.  "[C]oncurrent sentences imposed by state judges are nothing more than
26  recommendations to federal officials." Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir.2002).  A
27  federal court is free to ignore such recommendations of state sentencing judges.  Petitioner does
28  not claim the federal sentencing judge ordered the federal sentence to run concurrent to the state

sentence.  Even if Petitioner were to request a *nunc pro tunc* designation of a state facility for commencement of a federal sentence, the Bureau of Prisons is under no obligation to grant the request. Barden v. Keohane, 921 F.2d 476 (3rd Cir.1990).  It is entirely within the Bureau of Prisons' discretion to grant or deny a request for *nunc pro tunc* designation. Reynolds v. Thomas, 603 F.3d 1144, 1150 (9th Cir.2010).

For the above reasons, it appears that habeas relief is unavailable.

**ORDER**

Accordingly, Petitioner is advised that the Court intends to dismiss the instant petition. Petitioner is DIRECTED to show cause within thirty (30) days why dismissal should not be ordered.

IT IS SO ORDERED.

Dated:   **June 26, 2012**                                    /s/ **Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE