# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK D. HUGGINS, | 1:12-cv-00929 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |
| H. A. RIOS, Warden, | |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c).

On June 8, 2012, Petitioner filed the instant petition in this Court. He is currently in the custody of the Bureau of Prisons at the United States Penitentiary in Atwater, serving a sentence of 180 months as a result of a conviction sustained in the United States District Court for the District of Kansas. He claims the Bureau of Prisons has failed to calculate his sentence correctly. He states he spent four years in state custody prior to his federal sentencing. He states the Bureau of Prisons has credited him with seven (7) months of that time spent in state custody. He claims he is entitled to a credit against his federal sentence with the balance of the four years spent in state custody since the state sentencing judge ordered the state sentence to run concurrent to his

federal sentence.

On June 26, 2012, after conducting a preliminary review of the petition, the Court issued an order directing Petitioner to show cause why the petition should not be summarily dismissed. The Court advised Petitioner that it intended to dismiss the petition based on the reasoning set forth in the order and granted Petitioner thirty (30) days to file a response. Over thirty (30) days have passed and Petitioner has not filed a response. Accordingly, the Court will dismiss the petition based on the reasoning set forth in the June 26, 2012, order.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

>    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
>    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
>    (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>        (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>        (B) the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,

484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 7, 2012**                              /s/ **Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE